IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DOROTHY BORDEN,**

    **Plaintiff,**

  vs.                                        Civil Action 2:15-cv-1867
                                                    Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## OPINION AND ORDER

      This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits. On April 28, 2016, the Court remanded the matter to the Commissioner of Social Security for consideration of new and material evidence pursuant to Sentence 6 of 42 U.S.C. § 405(g). *Opinion and Order*, ECF No. 25. This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), on the *Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1)*, ECF No. 26 ("*Motion for Fees*"). The Commissioner does not object to the motion but asks that final judgment be entered, pursuant to Rule 58 of the Federal Rules of Civil Procedure, affirming the Commissioner's award of benefits to plaintiff. *Notice of No Objection to Plaintiff's Petition for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1) and Unopposed Motion for Entry of Judgment*, ECF No. 29.

      By statute, a court must award "a reasonable fee . . . not in excess of 25 per cent of the total past-due benefits."  42 U.S.C. §

1

406(b).  A fee award should reflect the purpose of the social security program to provide a measure of economic security to the recipient, the extent and type of legal services provided, the complexity of the case, the level of skill and competence required of the attorney, the amount of time spent on the case, the results achieved, and the level at which the favorable decision was made.  20 C.F.R. § 404.925(b).  A fee agreement between a recipient and his or her counsel "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989).  Deductions are permissible when there is improper conduct or ineffectiveness of counsel or when counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or minimal effort expended in the matter.  *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 421 (6th Cir. 1990). "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable." *Id*. at 422.  In the final analysis, an award must be "reasonable for the services rendered."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Upon remand of this action, the Commissioner awarded benefits to plaintiff and withheld 25% of plaintiff's past due benefits, $ 26,402.50, for payment of her counsel's fee. *Notice of Award*, Exhibit A to *Motion for Fees.* Plaintiff signed a fee agreement agreeing to payment of an attorney fee of up to 25% of the past due benefits. *Fee Agreement*, Exhibit B to *Motion for Fees*. Plaintiff's counsel seeks a fee of $ 5,757.50 for payment of work performed in connection with the federal litigation. *Motion for Fees.* Plaintiff's counsel expended 16.45 hours in her representation of plaintiff before this Court,

*Counsel's Hours*, Exhibit C to *Motion for Fees*, and the requested amount reflects compensation at the rate of $350.00 per hour. The Commissioner does not object to the requested fee and there is no suggestion that plaintiff's counsel was ineffective or expended only minimal effort in the case.

Upon consideration of all the appropriate factors, the Court concludes that the requested fee is reasonable.  It is far less than 25% of the past-due benefits, plaintiff has signed a fee agreement, the requested fee does not reflect a rate of compensation more than twice the standard rate and it cannot be said that plaintiff's counsel was ineffective or expended minimal effort in the case.

The Court therefore **GRANTS** the *Motion for Fees*, ECF No. 26, and **AWARDS** plaintiff's counsel an attorney's fee of $ 5,757.50, or twenty-five percent (25%) of the past due benefits, whichever is less.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this case, pursuant to Sentence 4 of 42 U.S.C. § 405(g), affirming the Commissioner's award of benefits to plaintiff and awarding plaintiff's counsel a fee pursuant to 42 U.S.C. § 406(b)(1) in the amount of $ 5,757.50, or twenty-five percent (25%) of the past due benefits, whichever is less.

*s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

March 15, 2017

3